2022-18-34 Chai Dvoretsky, when you are ready. Good morning, Your Honors. May it please the Court, Chai Dvoretsky with Skadden Arps on behalf of Philadelphia Energy. Congress defined alternative fuel mixture to mean a mixture of alternative fuel and taxable fuel. The question is whether during the refund period the term alternative fuel included butane. As Judge Elrod explained, the straightforward and correct answer is yes. Congress expressly defined alternative fuel to include liquefied petroleum gas, LPG, and the ordinary meaning of LPG includes butane. Therefore, PES qualified for a tax credit during the refund period because it mixed butane, an alternative fuel, with gasoline, a taxable fuel. Counsel, you already have two circuits against you. If we sign for you, you're up with the Supreme Court. It's a split in the circuits. It would be a split in the circuits. Whether it goes to the Supreme Court would obviously be up to the government whether to seek cert. We would certainly argue that this is not a cert-worthy issue if the government were to seek cert. This Court shouldn't hesitate to give Section 6426 its ordinary meaning. Congress has already amended this statute, so the decision is not going to significantly affect taxpayers or the government going forward. Is it true that most all gasoline, if not all gasoline, in this country has some butane? It is certainly not true that all gasoline in the country has butane. The vast majority of it? I couldn't quantify it for you, but it is incorrect to say that all gasoline has it. At Joint Appendix 254 to 55, PES itself blended gasoline that did not include butane. In addition when Congress passed this statute, it may well have wanted to incentivize the additional use of butane. Not all fuelers were using it. In the Seventh Circuit case, U.S. Venture first began using butane in 2012. It's simply not the case that butane has always been a component of every gallon of gasoline sold in the country. But butane is a taxable fuel under the tax statute, right? It's 4081 and then you work your way through the regulations which the IRS has authorized to promulgate and makes clear that butane is a taxable fuel. Is that right? Yes, butane is a taxable fuel. So I guess what I'm wondering is, doesn't any fuel or any product have to be either a taxable fuel or an alternative fuel? I mean is it true that a fuel can be classified as both a taxable fuel and an alternative fuel? Yes, and to give you an analogy... Because it feels like to me when I look at the structure of the excise taxes and tax credit scheme, there seems to be a clear demarcation that those are two different things, alternative fuels and taxable fuels, and that any given product can't be both an alternative fuel and a taxable fuel. It has to be one or the other. Judge Chen, that is true for purposes of the excise tax. That is not true for purposes of the tax credit. When Congress wanted to carry over a definition from the excise tax to the tax credit, it did that explicitly with cross-referencing. It did that in 6426 for the definition of taxable fuel by cross-referencing 4083A1. It also cross-referenced the definitions of other types of alternative fuel in 642062. It did not use a cross-reference to 4041 in order to define liquefied petroleum gas, and so the ordinary meaning of LPG control... just based on the face of the statute provisions alone, what liquefied petroleum gas encompasses. We do know for this alternative fuel mixture credit that the taxable fuel in that mixture encompasses butane. That much we know. Now you're asking us to also think of the other half of the mixture, the alternative fuel, to likewise be butane, and any mixture has to be a combination of two different things, but we already know from the statutory scheme that the taxable fuel element of this mixture necessarily encompasses butane, and that seems to exclude the ability of this alternative fuel to likewise be butane, given that a mixture has to be a combination of two different things. It can't be a combination of the same stuff, you know, mixing with itself, and then saying, well, some of it is taxable fuel and the other part qualifies as alternative fuel. So that's the real tension. Well, there's other tensions, but that's one real tension I have with your position, and this is, I think, the same problem that both the Fifth Circuit and the other circuit, Seventh Circuit, had. So if I could make two points, Judge Chen. First, I don't think that you can combine butane with butane, if that's all you do, and get the tax credit for that. The reason for that, however, is not because butane can't be an alternative fuel. The reason for that is because a mixture requires you to mix two different things. If I combine water and water... Yes, yes, but we already know it's a given that the taxable fuel part of this mixture necessarily encompasses butane. And I agree with you, this mixture for this tax credit has to be a combination of two different things. So doesn't that necessarily exclude from the because we know, under the statute, the taxable fuel element of that mixture is butane. No, because if all that the fueler is combining is butane with butane, that wouldn't be enough. But if you're combining butane with gasoline, then at that point you are mixing, you are combining two different things, and that is what qualifies. The work that's being done... Counselor, butane isn't a taxable fuel under 4041. Isn't that necessary for you to get a credit? Butane... I'm sorry, I'm not sure that I... Butane isn't a taxable fuel under 4041.  What's that part of 6426A2? So under 6426A2... The tax must be imposed by 4041. And butane isn't a tax under 4041. Well, the credit that we are seeking is actually under E, because it is for an alternative fuel mixture. And that credit goes against 4081, which is the excise tax for a taxable fuel, which gasoline and butane are. The other point that I wanted to make, going back to one of Judge Chen's earlier questions, about whether it is conceptually possible for something to be both a taxable fuel and something eligible for the credit as part of a mixture. Congress provided exactly that, and the example I would provide is renewable diesel. Renewable diesel is a taxable diesel fuel under 4083A3Ai. It is also a biodiesel that qualifies for the biodiesel mixture tax credit under 6426C5. That tax credit applies to a mixture of biodiesel and diesel fuel. And so renewable diesel can be both. It's a taxable diesel fuel, but when it is combined as part of that mixture, it is also entitled to the credit. I guess the question there is, did Congress make that express exception hardwired into the statute in a way that's not nearly as clear here when it comes to butane for this alternative fuel mixture? So Congress made that exception express for renewable diesel. That's just as true for butane. Congress made that exception for liquefied petroleum gas, which ordinarily includes butane. As a matter of statutory construction, we ought to look first at the ordinary meaning of the term liquefied petroleum gas, which Congress has not defined in this statute, even though it could have used a cross-reference. In order to overcome that ordinary meaning, the government needs to have some clear indication that Congress meant for liquefied petroleum gas to mean something other than what it has always meant. If Congress wants to write a statute in which up means down, it can do that. But we don't ordinarily assume that up means down unless Congress makes that clear. And here we have this undefined term. Isn't there something in the record that suggests liquefied petroleum gas is really mainly propane or propane with butane and it's not necessarily just pure concentrated butane? So the government makes that argument. First, it's worth noting that that's a switch in the government's position. In the Fifth Circuit, the government expressly conceded, the government witnessed there testified, that butane is always an LPG. Here the government is making this argument that in this context LPG ought to be understood differently. However, what the government is relying on there is an agency statement that current U.S. standards restrict LPG in the automotive context to be mostly propane. First of all, mostly propane is not only propane. And second of all, the fact that current U.S. standards restrict that shows that absent the restriction, the ordinary understanding of LPG, which is governed throughout the industry, which dictionary definitions support, that ordinary understanding would tell you that butane is an LPG. In any event, if the court thinks that there is a dispute about that issue, that's something that the Court of Federal Claims could consider on remand. The Court of Federal Claims in this case made no determination about whether the ordinary meaning of LPG includes butane. It thought that was irrelevant because it thought that Congress had implicitly imported this dichotomy between alternative and taxable fuels into the excise tax credit. And it simply didn't do that. If it had wanted to do that, it could have done so expressly by cross-reference. Instead, Congress left liquefied petroleum gas undefined. The ordinary meaning of that term has to control. Unless the Court has further questions, I'll save the remainder of my time for rebuttal. We'll give you three minutes for rebuttal. Thank you. Ms. Hagley. Good morning, and may it please the Court. Judith Hagley from the Department of Justice representing the United States. Congress has not provided an alternative fuel mixture credit for making ordinary gasoline. To qualify for the credit, the taxpayer must mix two different types of fuel, an alternative fuel and a taxable fuel. And butane has been classified by statute and regulation as an exclusively taxable fuel since 1992, long before the credit was enacted in 2005. And butane is listed as a taxable fuel gasoline blend stock because it's been a standard step in ordinary gas production since at least the 1960s. It's a component of gasoline, not an alternative gasoline. At certain times of the year, there's less butane in gasoline, but butane is generally always in gasoline, at least in small amounts, from the refining process. And then more is added because it's the cheapest component in gasoline up to the EPA's limit because it's a pollutant. So however butane may be classified in chemistry textbooks, for purposes of this excise tax and credit scheme, it is classified as taxable fuel gasoline. And combining— Did Congress make a mistake when it defined for the tax credit provision LPG as— or as an alternative fuel encompassing LPG when LPG is sometimes understood as being just butane? No, in this context, no, there's no mistake. LPG is referenced in both 4041 and in 642060. And in both contexts, LPG is limited to substances that are not taxable fuels, so limited to substances that are not butane or pentane. Now, in this case, we had an alternative argument that the court didn't address that Congress understood in this context based on a report from agencies— Right, but I guess the concern or the argument from the other side is when it came to defining alternative fuels for this tax credit provision, it didn't—Congress didn't carry over the definition of alternative fuel as being any product that is not a taxable fuel, you know, as defined in 4081. It didn't include that. It didn't carry that over for some reason. It didn't refer to it in 6426D, but it does refer to it in 6426A, which links up the credit—links up the 6426D credit for alternative fuel to Section 4041. And as the Fifth Circuit and the Seventh Circuit correctly recognized, these two statutory provisions need to work in harmony. A substance that is not an alternative fuel under 4041 is also not an alternative fuel under 6426. So Congress could have created an exception for that as it did with renewable diesel in 6426C, which as Council for Philadelphia Energy recognized, hasn't expressed provision to that effect, but it did not do so here. And it did not do so because butane is a taxable fuel. It is defined to be gasoline. It is not an alternative to gasoline. What about the argument made by the other side when it referenced biodiesel fuels and was arguing that it can have a dual role? In this case, why isn't it that butane can be taxable, both taxable and alternative? Because there's no express provision in the credit that allows it, as there is with the renewable diesel provision in 6426C. 6426C allows a credit for mixture of biodiesel and diesel. And renewable diesel for tax purposes is defined in the regulations to be diesel. Congress wanted to allow the credit to apply to the use of renewable diesel and expressly provide for that in the credit itself, 6426C-5. So why is it that steam can't apply with respect to butane? Because there's no such provision saying that butane or any other gasoline blend stock for purposes of the credit is going to be treated as something other than how it is defined for purposes of the tax. It's defined to be gasoline, and that definition set out in 4083 is expressly incorporated into the credit itself in 6426E. In short, the Court of Federal Claims correctly determined that Philadelphia Energy is not entitled to $500 million for making ordinary gasoline. That determination is consistent with every other court that has considered the issue, including the Fifth and the Seventh Circuit, and we request this court respectfully to affirm the court's decision. Unless the court has any further questions, the government rests on its brief. Has the government had a roving position on whether LPG is just really mainly propane versus being butane? In these cases, they've all been decided on summary judgment, and it was mentioned in the district court briefing in both the Fifth Circuit and the Seventh Circuit decisions that it wasn't as fully developed as it was in this case. This was the last case to be briefed, and the government more robustly developed that argument. The Court of Federal Claims noted it and determined it didn't need to decide it because, however, whatever the ordinary meaning of liquefied petroleum gas is, and it's our position that it's limited to a specific propane mixture, whatever it is, it does not include taxable fuels like butane. Are there any other pending cases right now that's addressing this issue? There are no other court decisions or court cases addressing this issue. Before the IRS, there are several dozen refund claims still pending. I think it's about $15 billion at issue, so the government is still very much concerned about the impact this case could have. Those are pending where? At the criminal court? No, before the IRS. Oh, okay. And, of course, they could all be brought to the Court of Federal Claims. Thank you, sir. Mr. Zabrowski, you have three minutes if you need it. Thank you. Just a few quick points. First of all, counsel for the government argues that there is no express provision here analogous to the same one that there is for renewable diesel. As I explained earlier, however, the express provision is the one that makes liquefied petroleum gas an alternative fuel. Congress didn't define the term liquefied petroleum gas. Courts presume that an undefined term bears its ordinary meaning, and Congress legislates against that backdrop. Second, with respect to what that backdrop is in this case, in 1959 and 1960, Treasury promulgated regulations. In 1959, it was a regulation about the gasoline excise tax, and Treasury said gasoline does not include liquefied gases such as, and butane was one of the examples. In 1960, Treasury defined special motor fuel, that is, alternative fuel, to include, quote, liquefied petroleum gases such as, and butane was one of the examples. So Congress was legislating against a backdrop where Treasury itself understood, had long understood, that butane was an LPG. In addition to the industry understanding that the Fifth and the Seventh Circuits recognized of LPG, and as to the government's position, the government's witness, own witness in the Fifth Circuit case in VTOL, this is quoting from page 258 of that opinion from Judge Elrod's dissent, the government's own witness testified that, quote, butane is always an LPG. So Congress was legislating against this backdrop when it wrote the term LPG into the statute. It has to be given its ordinary meaning. Lastly, with respect to creating a circuit split, yes, if this Court were to rule in our favor, it would be disagreeing with the Fifth and Seventh Circuits and creating a split. Those courts, respectfully, did not grapple with the statutory context that we're putting before the Court here. Just one last quick question. Sure. For excise tax purposes, gasoline, which is typically a mixture of gasoline and butane, that's a purely taxable fuel. Butane, taxable. Gasoline, taxable. Why do you think Congress would want to give a tax credit to something that's purely a taxable fuel and now designate that as an alternative, a mixture of alternative and taxable fuel? To me, it doesn't make sense. Why would Congress do that? Congress might well have wanted to promote the greater use of butane and to encourage mixing butane with gasoline, which, as I said in my opening argument, not all fuelers did at the time and not all fuelers do today. It might have wanted to do that because Congress wanted to encourage the use of fuels that are readily available domestically, that are inexpensive, and that produce fewer greenhouse gas emissions than pure gasoline. And butane checks all of those boxes. Thank you, counsel. The case is submitted. But before we leave, I want to make a comment and particularly address Governor's counsel. In the red brief, Philadelphia Energy is isolated again and again and again, which enables you to avoid the Ford Comp and a suspicious mind might look at that and consider that as a blatant attempt to evade the court's rules. One might also consider it just an innocent error. We won't attempt to adjudicate that issue here, but I would like to suggest to government counsel that the Ford Comp limit be taken seriously. The case is submitted.